IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER W. CASTLE,   Civ. No. 6:23-cv-01217-AA

    Plaintiff,   **OPINION & ORDER**

vs.

ST. CHARLES MEDICAL SYSTEM, Inc.,

    Defendant.

AIKEN, District Judge:

    Self-represented Plaintiff Christopher W. Castle proceeds *in forma pauperis* in this civil action against Defendant St. Charles Medical System. *See* Compl., ECF No 1. Before the Court is Plaintiff's Motion to Extend the Discovery Deadline. ECF No. 23. For the reasons explained, Plaintiff's Motion, ECF No. 23, is DENIED.

## LEGAL STANDARD

    "Trial courts have broad authority to impose reasonable time limits." *Navellier v. Sletten,* 262 F.3d 923, 941 (9th Cir. 2001). Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard requires that a party be diligent in seeking to modify a scheduling order. *Johnson v. Mammoth Rec., Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

Page 1 – OPINION AND ORDER

"Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

DISCUSSION

Plaintiff does not show good cause to extend the discovery deadline. On August 21, 2023, Plaintiff filed his Complaint. And on June 19, 2024—the date Plaintiff's response to Defendant's Motion for Summary Judgment was due—Plaintiff instead filed this motion to extend discovery. Plaintiff states he has not completed discovery and does not have enough information to respond to Defendant's summary judgment motion. Pl. Mot. at 1. Plaintiff argues that he could not complete discovery because he suffered technical problems including a "Printer/Copier/Scanner" that quit working on February 22, 2021, and "no internet connection" that occurred on May 9, 2021, which was repaired by a technician two weeks later. *Id.* at 2. Plaintiff argues that these events caused him organizational setback and "loss of momentum." *Id.*

However, Plaintiff's technical problems occurred *six months before* Plaintiff's injury and over *two years before* Plaintiff filed his Complaint. If Plaintiff suffered ongoing technical difficulties, he should have notified the Court long before the deadline to respond to Defendant's motion. Plaintiff was not diligent in seeking to extend the discovery deadline and fails to provide good cause to do so.

Further, Plaintiff has now missed the deadline to respond to Defendant's Motion for Summary Judgment. But because self-represented plaintiffs are held to a less stringent standard than represented plaintiffs, the Court grants Plaintiff fourteen days from the date of this order to provide a response to Defendant's Motion

Page 2 – OPINION AND ORDER

for Summary Judgment. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding self-represented plaintiffs to a less stringent standard than the standard applied to attorneys).

## CONCLUSION

For the reasons explained, Plaintiff's Motion to Extend the Discovery Deadline, ECF 23, is DENIED. Plaintiff has fourteen days from the date of this order to file a response to Defendant's Motion for Summary Judgment.

It is so ORDERED.

DATED this __27th__ day of February 2025.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge