IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER W. CASTLE,                                        Civ. No. 6:23-cv-01217-AA

       Plaintiff,                                                        **OPINION & ORDER**

  vs.

ST. CHARLES HEALTH SYSTEM, INC.,

       Defendant.

_____

AIKEN, District Judge:

Before the Court is self-represented Plaintiff Christopher W. Castle's Motion for Reconsideration, ECF No. 30. Plaintiff seeks to set aside the Court's Order granting summary judgment to Defendant St. Charles Medical System, Inc. *See* Opinion & Order, ECF No. 27. For the reasons explained below, the Motion, ECF No. 30, is DENIED.

LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Courts have determined that reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed

Page 1 – OPINION AND ORDER

clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (internal quotation marks and citation omitted). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Hernandez v. Jefferson Cnty. Sheriff's Office*, Case No. 3:19-cv-1404-JR, 2021 WL 2349320, at *1 (D. Or. Feb. 1, 2021) (cleaned up). In addition, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## DISCUSSION

The Court has reviewed Plaintiff's motion and the attached declaration. Plaintiff contends that the Court should set aside the judgment for Defendant because Plaintiff made an error in his motion to extend the discovery deadline. Pl. Decl. at 2; *see* ECF No. 23.

Plaintiff states that in his prior motion to extend discovery, he incorrectly stated that he suffered "certain technical failures . . . in 2021." *Id.* Plaintiff contends that his need to extend discovery resulted not from technical failures in 2021 but instead from (1) medical trauma from multiple dental extractions that occurred from May 18, 2023, to December 7, 2023, *id.* at 3; (2) "a major tree" that struck his residence on August 4, 2024, that "destroyed [his] internet connectivity," *id.*; and (3) a change in "[his] contact phone number and subsequent Multi-Factor Authentication

Page 2 – OPINION AND ORDER

(MFA) lockouts[,]" *id.* Plaintiff contends that "the multiple significant technical failures that materially affected [his] ability to prepare, organize, convert, and file documents required in this case" occurred in "2023 and continu[ed] through 2024, and 2025, and 2026." *Id.*

Even assuming that Plaintiff provided the wrong date of his technical failures—the failures that purportedly explain why Plaintiff failed to timely respond to Defendant's summary judgment motion and instead filed a motion to extend discovery—such error would not have changed the Court's denial of Plaintiff's request to extend discovery. Plaintiff could have gone to a library to file his documents, and he had plenty of time to do so because the Court had repeatedly extended deadlines on his behalf. Plaintiff's "error" does not provide a proper ground for the extraordinary remedy of setting aside the Court's entry of judgment for Defendant.

Further, the Motion for Reconsideration itself is untimely. Federal Rule of Civil Procedure 60(c)(1) requires that motions for reconsideration be filed within a "reasonable time" and, with limited exception, "not more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The time starts to run on the "entry" of a final judgment. *Carter v. Beverly Hills Savings & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir. 1989), *cert. denied,* 497 US 1024 (1990).

The judgment Plaintiff seeks to set aside was entered March 19, 2025. Plaintiff filed this Motion on March 23, 2026—more than one year later. Plaintiff had until March 19, 2026, to file this Motion. Plaintiff again cites his multiple technical failures for the delay. Plaintiff admits that he discovered the Court's entry of

Page 3 – OPINION AND ORDER

judgment on November 25, 2025. Pl. Decl. at 2. He had several months—from November 25, 2025, to March 19, 2026— to file this Motion.

In sum, the Court denies Plaintiff's Motion for Reconsideration because it is untimely and, independently, because Plaintiff failed to present newly discovered evidence, show that the Court had committed clear error, show that the initial decision was manifestly unjust, or show that there was an intervening change in controlling law.

CONCLUSION

For the reasons explained, Plaintiff's Motion for Reconsideration, ECF No. 30, is DENIED.

It is so ORDERED and DATED this 29th day of May 2026.


s/ Ann Aiken
ANN AIKEN
United States District Judge

Page 4 – OPINION AND ORDER